JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Anthony Knode appeals from the sentence imposed upon him after he entered a plea of guilty to one count of unlawful sexual conduct with a minor.
 {¶ 2} Appellant asserts the trial court acted improperly in ordering the sentence in this case to be served consecutively to his sentence for his convictions in a case brought in Wayne County. Appellant argues the trial court set forth on the record invalid reasons for its decision, thereby rendering his sentence contrary to law. A review of the record reveals the trial court made some misstatements during appellant's sentencing hearing; nevertheless, since appellant's sentence was lawful, it is affirmed.
 {¶ 3} Appellant's conviction in this case results from a relationship he developed with the victim, a thirteen year old girl who lived in Berea, Ohio. Appellant, a twenty-four year old Marine Corps veteran living in Orrville, Ohio, met and corresponded with the victim via the internet. Eventually, appellant enticed her into exchanging nude photographs with him, then arranged to come to her home while her family was absent, whereupon they engaged in sexual activity. These incidents were alleged to have occurred beginning on February 1, 2002 and culminating on March 29, 2002. The victim became fourteen years old on March 17, 2002.
 {¶ 4} In July, 2002 appellant was charged in this case as follows: three counts of unlawful sexual conduct with a minor, R.C. 2907.04; two counts of endangering children, R.C. 2919.22, and one count of disseminating matter harmful to juveniles, R.C. 2907.31. Appellant entered a plea of not guilty.
 {¶ 5} While the instant case was pending, appellant separately was charged in Wayne County based upon a police investigation stemming from this case of appellant's use of his home computer. In the Wayne County case, he ultimately was convicted of three of the charges against him, viz., two counts of pandering obscenity involving a minor, R.C. 2907.321, and one count of illegal use of a minor in nudity-oriented material, R.C. 2907.323. The Wayne County court obtained a pre-sentence report prior to sentencing appellant.
 {¶ 6} Appellant arranged a plea agreement in the instant case. In January, 2003, in exchange for the dismissal of five of the six counts, appellant entered a guilty plea to only one count of unlawful sexual conduct with a minor. Although R.C. 2907.04 indicates the defendant's unlawful activity may be either knowing or reckless, appellant did not state his plea was limited to a specific mental state. The trial court accepted appellant's plea and ordered the preparation of both a psychological evaluation and a pre-sentence report.
 {¶ 7} By the time appellant's case was called for sentencing, the trial court had reviewed three reports: the "sexual predator" evaluation, the pre-sentence report from Wayne County,[1] and the pre-sentence report prepared for the instant case. The trial court first determined appellant's sexual offender status,[2] then proceeded to conduct the sentencing hearing.
 {¶ 8} After listening to the prosecutor, defense counsel, and appellant, the trial court sentenced appellant to a term of incarceration of three years to be served consecutively with the sentence imposed by the Wayne County court.
 {¶ 9} Appellant challenges his sentence by presenting the following assignment of error:
 {¶ 10} "I. The trial court's imposition of consecutive sentences upon appellant is contrary to law."
 {¶ 11} Appellant argues the trial court's decision to impose a consecutive term to appellant's sentence in a case from another jurisdiction lacks a valid basis.
 {¶ 12} R.C. 2929.14(E)(4) permits the imposition of consecutive prison terms for multiple offenses if the trial court makes three specific findings; appellant concedes the trial court in this case made the requisite findings. He contends, however, that the trial court inaccurately stated the facts of this case, and inappropriately considered allegations presented in the Wayne County case, thereby undermining its reasons for imposing consecutive sentences. This court disagrees.
 {¶ 13} In State v. Comer, 99 Ohio St.3d 463, 468, 2003-Ohio-4165, the supreme court directed that a "trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences," in order that appellate review can be "meaningful." A review of the trial court's statements in this case show the requisite correlation between the findings and the rationale.
 {¶ 14} The trial court found consecutive terms were necessary to "punish [appellant] appropriately," because his "patterns of abuse" demonstrated he posed a danger to the public, and in order to "adequately reflect the seriousness of [appellant's] conduct." The trial court during the proceeding alluded to several facts it found compelling, including appellant's pornographic internet use leading to the Wayne County convictions, his arrangement to meet the victim in a clandestine manner, the age difference between appellant and the victim, the victim's tender age, and appellant's action in engaging in sexual intercourse with the victim.
 {¶ 15} Appellant is correct in pointing out the trial court made several misstatements during his sentencing hearing. For example, it referred to the victim as "under 13" during her relationship with appellant, rather than just having turned 14. It further referred to appellant's action of engaging in sexual intercourse with the victim as a type of "rape."
 {¶ 16} Additionally, the trial court referred to a portion of the Wayne County probation report, which apparently indicated appellant's improper internet activities had not ceased even while his cases in each county were pending. Appellant, however, had not been charged with any crimes based upon those activities; consequently, reliance upon that information would be inappropriate.
 {¶ 17} However, the transcript of the sentencing hearing also demonstrates the comments came after appellant suddenly declared he had intended to plead only to the mental state of being "reckless," because if the matter had proceeded to trial, "there [would have been] no evidence in this case whatsoever of knowingly." The trial court understandably was put-off by appellant's declaration, since it had not been made at the time of the plea hearing. Appellant's attempt to reconstruct the facts clearly discomposed the trial court.
 {¶ 18} Based upon the entire record of the proceeding, this court cannot conclude the trial court's comments invalidated the sentence, which otherwise was lawful. State v. Humphreys (Nov. 15, 2001), Cuyahoga App. No. 79008. R.C. 2929.41 authorizes a trial court to impose a sentence consecutively "with any other term of imprisonment imposed by a court of this state" if the sentence comports with R.C. 2929.14(E). Cf., State v.Stacy (May 10, 1999), Warren App. No. CA98-08-093.
 {¶ 19} Since the record of the entire sentencing proceeding in this case demonstrate the trial court complied with R.C. 2929.14(E) in imposing a consecutive sentence upon appellant, appellant's assignment of error lacks merit. It is, accordingly, overruled.
 {¶ 20} Appellant's sentence is affirmed.
Michael J. Corrigan and James J. Sweeney, JJ., concur.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Since this report is not in the appellate record, information it contained has been gleaned from the trial court's comments made during appellant's sentencing hearing.
[2] Based upon the paucity of evidence presented by the state, the trial court found appellant only to be a sexually-oriented offender. Appellant does not challenge this determination.